IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BONNIE GREEN                                                                                           PLAINTIFF

vs.                                   Civil No. 4:14-cv-04067

CAROLYN COLVIN                                                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Bonnie Green ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff's application for SSI was filed on August 3, 2012. (Tr. 13, 133-138). Plaintiff alleged she was disabled due to chronic degenerative disease, chronic asthma, and bronchitis. (Tr. 150). Plaintiff alleged an onset date of June 30, 2007. (Tr. 133). This application was denied initially and again upon reconsideration. (Tr. 13, 50-72). Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on her application and this hearing request was granted. (Tr. 85-87).

Plaintiff 's administrative hearing was held on November 6, 2013. (Tr. 28-49). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Tammie Donaldson testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had an eighth grade education. (Tr. 34-35).

On January 10, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 13-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her application date. (Tr. 15, Finding 1). The ALJ also determined Plaintiff had the severe impairments of left patella tendon rupture status post arthrolomy and lateral release and history of arthralgia/chronic pain syndrome. (Tr. 15, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-21). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC for sedentary work, except she could not climb ropes, ladders and scaffolds; but could occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl. (Tr. 16, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 5). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing

in significant numbers in the national economy Plaintiff could perform.  (Tr. 21, Finding 9).  The ALJ based his determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as final assembler with 500 such jobs in Arkansas and 27,000 such jobs in the nation, document preparer with 700 such jobs in Arkansas and 96,000 such jobs in the nation, and table worker with 300 such jobs in Arkansas and 13,000 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since August 3, 2012.  (Tr. 22, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision.  (Tr. 9).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-7).  On April 25, 2014, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on April 29, 2014.  ECF No. 7.  Both Parties have filed appeal briefs.  ECF Nos. 10, 11.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to properly evaluate Plaintiff's severe impairments, (B) by failing to find Plaintiff met a Listing, and (C) by failing to submit a proper hypothetical to the VE. ECF No. 10, Pgs. 7-18. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11. Upon review, the Court finds the ALJ did err by finding Plaintiff's migraine headaches were not a severe impairment. Accordingly, the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the

5

ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ did not find Plaintiff's migraine headaches were a severe impairment. (Tr. 15-16, Finding 2). During the administrative hearing in this matter, Plaintiff stated she has migraine headaches once or twice per month. (Tr. 40). Plaintiff indicated medication she has been prescribed has caused nausea and other side effects. (Tr. 43). Plaintiff's medical records also support her allegation that her migraines are severe. (Tr. 1888, 1896, 2007, 2009, 2011-2016, 2020).

Based upon these records, the Court finds this evidence is sufficient to meet the lower standard for demonstrating an impairment is "severe." Because the ALJ erred by not finding this was a severe impairment, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887 (". . . we reject the Commissioner's argument of harmless error").

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of May 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE